ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

September 12, 2012

The Honorable Susan Combs
Texas Comptroller of Public Accounts
Post Office Box 13528
Austin, Texas   78711-3528

Opinion No.  GA-0964

Re:  Confidentiality of alcoholic beverage reports submitted to the Comptroller under section 151.462 of the Tax Code   (RQ-1050-GA)

Dear Comptroller Combs:

You ask about the confidentiality of alcoholic beverage reports submitted to your office under section 151.462 of the Tax Code.[1]   That section directs your office to "require each brewer, manufacturer, wholesaler, distributor, or package store local distributor to file with the comptroller a report each month of alcoholic beverage sales to retailers in this state." TEX. TAX CODE ANN. § 151.462(a) (West Supp. 2011).  The reports must contain a variety of information in three distinct categories:  (1) detailed information about each individual licensee or permit holder submitting a report; (2) a detailed list of each retailer that was sold alcoholic beverages; and (3) "the monthly net sales made by the brewer, manufacturer, wholesaler, distributor, or package store local distributor to the retailer for each outlet or location covered by a separate retail permit or license issued by the Texas Alcoholic Beverage Commission," including separate line items for:

(A)   the number of units of alcoholic beverages;

(B)   the individual container size and pack of each unit;

(C)   the brand name;

(D)   the type of beverage, such as distilled spirits, wine, or malt beverage;

(E)   the universal product code of the alcoholic beverage; and

---

[1]Letter from Honorable Susan Combs, Tex. Comptroller of Pub. Accounts, to Honorable Greg Abbott, Tex. Att'y Gen. (Mar. 28, 2012), http://texasattorneygeneral.gov/opin ("Request Letter").

> (F)   the net selling price of the alcoholic beverage.

*Id.* § 151.462(b)(3).  Moreover, "[e]xcept as provided by Section 111.006, information contained in a report required to be filed by this subchapter is confidential and not subject to disclosure under Chapter 552, Government Code." *Id.* § 151.464.

Section 111.006 of the Tax Code provides a limited exception to section 151.462's confidentiality requirement.  Section 111.006 sets forth information that must be disclosed from the above-described report:

> (h)   The comptroller shall disclose information to a person regarding net sales by quantity, brand, and size that is submitted in a report required under Section 151.462 if:
>
> (1)   the person requesting the information holds a permit or license under Chapter 19, 20, 21, 37, 64, 65, or 66, Alcoholic Beverage Code; and
>
> (2)   the request relates only to information regarding the sale of a product distributed by the person making the request.

*Id.* § 111.006(h).  Thus, specific information contained in a report filed under section 151.462 *must* be disclosed, under certain circumstances, but only to the limited class of persons described by subsection (h) of section 111.006.  You inquire whether the information required to be disclosed to that limited class of persons "may identify or must identify the retailers to whom the alcoholic beverages were sold."  Request Letter at 2.

We note, first, that the terms "quantity, brand, and size," as used in subsection 111.006(h), parallel the first three items that must be contained in "separate line items" under subsection 151.462(b)(3), as listed above, i.e., "the number of units," "the individual container size," and "the brand name."  Those line items are subdivisions of subsection (b)(3), which requires that the report indicate the monthly net sales "to the retailer."  Subsection (b)(3) is in turn a subpart of subsection (b), which states the following regarding the contents of the report: "The report must contain the following information for the preceding calendar month's sales *in relation to each retailer*[.]"  TEX. TAX CODE ANN. § 151.462(b) (West Supp. 2011) (emphasis added).  And subsection (h) of section 111.006, in describing the kind of information that must be disclosed to the individuals listed therein, specifically requires the disclosure of "information to a person regarding net sales by quantity, brand, and size *that is submitted in a report* required under Section 151.462." *Id.* § 111.006(h) (emphasis added).  Because the "information . . . regarding net sales by quantity, brand, and size that is submitted in a report required under Section 151.462" necessarily includes the names of specific retailers, the Comptroller must include those names when responding to authorized requestors under section 111.006.

We emphasize that only three of the six line items noted in subsection 151.462(b)(3) must be disclosed under subsection 111.006(h). But the mere lack of a specific requirement in subsection 111.006(h) that the information furnished include the name of specific retailers does not detract from the statutory directive regarding the contents of a "report" under section 151.462. Just as that "report," by virtue of the language in subsection (b) of section 151.462, must provide the required information "in relation to each retailer," so must the Comptroller's response to authorized requestors under section 111.006. *Compare id.* § 151.462(b), *with id.* § 111.006(h).[2]

---

[2]You ask only whether the information that is required to be disclosed "may identify or must identify the retailers." You do not ask, and therefore we do not consider, whether other information about a retailer must also be disclosed.

## S U M M A R Y

Information from alcoholic beverage reports that is required to be furnished to authorized persons under the circumstances described in section 111.006(h), Tax Code, must identify the retailers to whom the alcoholic beverages are sold.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

JASON BOATRIGHT
Chairman, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee